Stanley WESTOVER, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

No. 89–1458–Civ–T–20(C).

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 10, 1991.

James A. Sheehan, St. Petersburg, Fla., for plaintiff.

Frances G. Fernandez, Tampa, Fla., for defendant.

## OPINION ORDER

SCHLESINGER, District Judge.

### A. Status

This matter is before the Court for decision following the trial of the Plaintiff's claim for medical benefits. This Court has jurisdiction pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461.

The Court has considered the pleadings, the testimony of the witnesses, the documents and other evidence of record, and the parties' briefs in making the following findings of fact and conclusions of law.

### B. Findings of Fact

1. The Plaintiff was a covered beneficiary under the Southeast Banking Company employee health plan ("Southeast Plan").

2. Metropolitan Life Insurance Company ("Met Life") was employed by Southeast Banking Company for the purpose of claims review and decision making.

3. Beginning in August 1986, the Plaintiff sought and received chelation therapy treatments for the treatment of his arteriosclerosis.

4. In September 1986 and October 1986, the Plaintiff submitted claims for medical benefits for the chelation therapy treatments which he had sought and received for his arteriosclerosis.

5. Upon discovering that the claims submitted were for chelation therapy for the treatment of arteriosclerosis, the claims were denied in reliance upon the following provisions of the Southeast Plan:

### MAJOR MEDICAL EXPENSE BENEFITS

1. Definitions

A. "Covered Medical Expenses" means the Reasonable and customary charges for the types of medical services and supplied shown in section 3. These services and supplies must be:

(1) performed or prescribed by a doctor; and

(2) rendered to a covered person for the treatment of injury and sickness; and

(3) medically necessary in terms of generally accepted medical practice standards (see NOTICES).

and:

4. Exclusions—Medical Services and Supplies which are NOT Covered Medical Expenses

. . . .

(10) Services or supplies which are deemed experimental in terms of generally accepted medical standards.

Defendant's Exhibit No. 2, pp. 22–25.

Thus, Met Life denied the claim for benefits on the grounds that the treatment for which the Plaintiff sought reimbursement was experimental in terms of generally accepted medical standards.

6. Prior to issuing its denial of the Plaintiff's claim, Met Life examined the purpose for the treatment, the specific treatment proposed, the current medical and governmental opinion regarding the status and efficacy of chelation therapy for the treatment of arteriosclerosis.

7. The state of generally accepted medical and governmental opinion at all times material to this case was that chelation therapy for the treatment of arteriosclerosis was experimental and that the thera-

peutic effectiveness, indications for use, optimum doses, complications and long term effectiveness had not yet been conclusively established. In August 1989, three years after the Plaintiff first received chelation therapy for his arteriosclerosis, the Food and Drug Administration stated that:

[i]ts safety is questioned and its clinical effectiveness has never been established by well designed, controlled clinical trials. It is not widely accepted and practiced by American physicians. EDTA chelation therapy for atherosclerosis is considered experimental.

Defendant's Exhibit No. 6.

### C. Conclusions of Law

■ 1. The Southeast Plan is an "employee welfare plan" as that term is defined in 29 U.S.C. § 1002(1). As such, this case is controlled in its entirety by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461. This Court has jurisdiction pursuant to 29 U.S.C. § 1132(a)(1)(B).

2. As this matter involves an employee welfare benefit plan governed by ERISA, all state laws are pre-empted.

■ 3. The Notices section of the Southeast Plan states that Met Life will:

make the decision as to whether such service:

1. is medically necessary in terms of general accepted medical standards; and
2. is qualified for benefits under this Plan.

Defendant's Exhibit No. 2, p. 42.

By virtue of this provision, the Southeast Plan gives Met Life the discretionary authority to determine eligibility for benefits. Therefore, the decision to deny benefits in this case should be upheld unless arbitrary and capricious. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Jett v. Blue Cross and Blue Shield of Alabama*, 890 F.2d 1137 (11th Cir.1989).

4. The Plaintiff's reliance on *Rogers v. State Bd. Of Med. Examiners*, 371 So.2d 1037 (Fla.App.1979), *aff'd*, 387 So.2d 937 (Fla.1980) is misplaced. The issue in *Rogers* concerned the extent of the State of Florida's constitutional authority to prohibit a non-harmful mode of medical treatment by a licensed physician after full disclosure to, and election by, a patient. The issue in the instant case is whether chelation therapy is covered under the Southeast Plan. In resolving that issue, the Court is required to determine who is charged under the contract with making the decision whether a particular procedure is covered. Since Defendant Met Life must make that decision, the Court will uphold it unless arbitrary and capricious.

■ 5. The decision to deny benefits in this case was based upon a reasonable interpretation of the Southeast Plan provisions, was made in good faith, and was made following a detailed factual background investigation of the claim and the treatment modality.

6. The determination that chelation therapy as a treatment for arteriosclerosis is experimental in terms of generally accepted medical standards is reasonable, and was made after a rational consideration of relevant facts.

7. The Court does not conclude that the procedure in question is unhelpful or an example of quackery. That question is not before the Court. Rather, the Court concludes that the procedure does not cease to be experimental in terms of generally accepted medical standards merely because it may be widely used, non-harmful, and performed by a licensed physician with the consent of the patient. Moreover, the question whether the state can constitutionally bar a physician from performing such a procedure is different from the question whether an insurance company can be required to pay for it.

8. The decision of the Defendant to deny benefits was not arbitrary and capricious, and therefore the Plaintiff's claim for benefits should be denied and judgment should be entered in favor of Defendant Met Life.

### Conclusion

■ There is no question that in 1986 and 1987, the use of chelation therapy as a treatment for arteriosclerosis was experimental in terms of generally accepted medi-

 

cal standards. There is also no question that the Southeast Plan excludes coverage for such treatment.

Accordingly, it is ORDERED AND ADJUDGED that:

1. The Plaintiff's claim for benefits is DENIED.

2. The Clerk is directed to enter Judgment in favor of the Defendant.

3. This action is DISMISSED.

DONE AND ORDERED.